COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton, and Overton
Argued at Salem, Virginia

WINFRED L. HANCOCK, S/K/A
 WINFRED LEE HANCOCK
                                              OPINION BY
v.  Record No. 1740-94-3         JUDGE JAMES W. BENTON, JR.
                                           DECEMBER 29, 1995
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Richard C. Pattisall, Judge

           John P. Varney (Office of the Public Defender,
             on brief), for appellant.

           Marla Graff Decker, Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General; Robert B. Condon, Assistant Attorney
           General, on brief), for appellee.


      Winfred L. Hancock was convicted of possession of a firearm

after having been convicted of a felony in violation of Code

§ 18.2-308.2.  He contends the evidence was insufficient to prove

that he possessed the firearm.  For the reasons that follow, we

reverse the conviction.

      On April 11, 1994, Officer K. O. Hubbard was dispatched to

respond to a call concerning shots fired from a vehicle.  Hubbard

stopped a vehicle that matched the description given by the

dispatcher.  Two men sat in the front seat and three men were in

the back seat.  After Hubbard learned that the driver did not

have a license, he asked the driver and the passengers to exit

the vehicle one at a time.

      When Sergeant M. A. Lee arrived, Hancock was seated behind

the driver's seat.  Another passenger was sitting beside the

right passenger door.  The other three men were outside the vehicle.  Lee asked Hancock to leave the vehicle.  As Hancock picked up his feet and exited, Lee observed a revolver on the floorboard under the driver's seat.  Lee testified that he could not see the firearm until Hancock "stepped out and his feet were on top of it."

Lee removed the firearm, inspected it, and replaced it in the vehicle.  Hubbard then recovered the firearm and noticed that it had fresh mud on it and two of the three shells had been fired.  He also noted that Hancock's shoes were wet.  Clothes and a towel were found under the driver's seat, between the gun and the front of the car.

From these facts, the trial judge found that Hancock possessed the weapon.  He sentenced Hancock to three years imprisonment.  On this appeal, Hancock claims the evidence was insufficient to support such a finding.

A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony, see Code § 18.2-308.2, requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm.  See Blake v. Commonwealth, 15 Va. App. 706, 708, 427 S.E.2d 219, 220 (1993).  Hancock did not have actual possession of the firearm.  Indeed, the trial judge based the conviction upon his finding that Hancock had constructive possession of the firearm.

In rendering his verdict, the trial judge made the following

findings:

> Possession, of course, take[s] the form of actual possession on the person or constructive possession and control. It appears to the Court that Mr. Hancock may not have had actual physical possession but that he had constructive possession. He knew that the gun was there or should have known. It was under his feet.

The trial judge erred in concluding that guilt could be established by proving that Hancock "should have known" the firearm was below his feet. Liability under Code § 18.2-308.2 requires proof that the accused "knowingly and intentionally possess[ed] . . . any firearm." Thus, the Commonwealth must prove a defendant's actual knowledge of the firearm. See Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977); Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 759 (1975); Buono v. Commonwealth, 213 Va. 475, 476, 193 S.E.2d 798, 798-99 (1973). The trial judge misunderstood the requisite mental state when he ruled that "should have known" was sufficient. We can affirm this appeal only if the Commonwealth proved beyond a reasonable doubt that Hancock had actual knowledge of the presence of the firearm, i.e. "knowingly and intentionally possess[ed]" the firearm. Code § 18.2-308.2. See also Staples v. United States, ___ U.S. ___, ___, 114 S. Ct. 1793, 1806 (1994)(Ginsburg, J., concurring)("'Knowingly possessed' logically means 'possessed and knew that he possessed'").

To support a conviction based upon constructive possession

"the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [item] and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). Proof that the firearm "was found in . . . a vehicle . . . occupied by the [accused] is insufficient, standing alone, to prove constructive possession." Id.

Hubbard testified that the stop occurred at night and that after Hancock had exited the automobile, a street light illuminated the interior, enabling Hubbard to see the firearm. The firearm was on the floor of the vehicle under the driver's seat. When Hubbard was watching the passengers exit the automobile, he was unable to see the firearm. The legs of the passengers prevented him from seeing the floorboard. He testified that if a person entering the automobile did not look at the floorboard, that person would not necessarily have seen the firearm.

Lee caused Hancock to exit the vehicle. When Lee asked Hancock to step from the vehicle, Lee did not see the firearm. Lee testified that when Hancock picked up his feet and started to step out, he then "noticed a blue steel revolver underneath . . . his feet which was stuck underneath the back side of the driver['s] seat." Lee did not recall whether the automobile had an interior light.

The Commonwealth offered no other evidence to establish Hancock's constructive possession of the firearm. No fingerprint evidence was offered. No witnesses testified as to when Hancock entered the vehicle. Hancock made no statement concerning the firearm. The evidence does not exclude the hypothesis that another individual in the vehicle may have possessed the gun. See LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950)(circumstantial evidence requires the Commonwealth to exclude every reasonable hypothesis of innocence).

The evidence in this case proved circumstances analogous to the proof in Crisman v. Commonwealth, 197 Va. 17, 87 S.E.2d 796 (1955). In that case, a driver and four passengers were stopped one morning in a vehicle. The police found a packet of cocaine on the floor in front of the rear seat and charged two of the passengers with possession of the substance. In reversing the convictions, the Supreme Court ruled as follows:

> There were five men in the automobile, any one of whom could have dropped the [item] on the floor. Or it could have been placed there by some unknown party. There is no proof of the ownership of the [item] or who placed it on the floor of the car.

Id. at 20, 87 S.E.2d at 798.

The Commonwealth contends that Adkins v. Commonwealth, 217 Va. 437, 229 S.E.2d 869 (1976) and State v. Washington, 605 So. 2d 720 (La. Ct. App. 1992) require that we affirm the conviction. We disagree. In Adkins, the evidence proved that the police received a tip that the defendant would be transporting drugs at

a future specified time from one city to another. A police officer saw the defendant's vehicle travelling on a highway between the cities, as predicted. 217 Va. at 438, 229 S.E.2d at 870. When the officer signaled the defendant to stop, the defendant complied, moved from the driver's seat to the vacant passenger seat, and pretended to be asleep. A bag of marijuana was found on the floorboard in front of the driver's seat. Two passengers were asleep on the rear seat. The police also found marijuana in the glove compartment and in the trunk. The defendant, who owned the vehicle, was convicted of possessing the marijuana. Id.

The Court held that the evidence proved the marijuana was at the defendant's feet before he moved, that the defendant was the sole occupant of the front seat, and that the defendant owned the vehicle. Id. at 438-39, 229 S.E.2d at 870. Moreover, based upon the circumstances of the stop and discovery of marijuana in the inaccessible parts of the vehicle, the Court's conclusion that the defendant possessed the marijuana was amply supported by the evidence. See id. These facts clearly distinguish Adkins from Crisman and from this case.

In Washington, the evidence proved that the defendant and the driver of a vehicle were stopped after they exited a vehicle in daylight. The police found a firearm between the driver's seat and the passenger's seat, which the defendant occupied. 605 So. 2d at 720. A firearm was also in plain view on the floor in

front of the seat the defendant occupied.  Finding that the defendant knew the firearm was at his feet and that the defendant lied about his identity, the Louisiana Court ruled that the defendant had possession of the firearm that was plainly visible in the daylight in front of him.  Id. at 723.

Unlike the facts in Washington, the evidence in this case established that Hancock was in the vehicle at nighttime with four other persons.  No evidence proved that Hancock could see the firearm.  Indeed, the officer testified that he could not see the firearm on the floor when the passengers were in the vehicle.  Only the streetlight enabled the officer to see the firearm as Hancock exited the vehicle.

No evidence established that Hancock ever held the firearm, saw it, knew it was present, or exercised any dominion and control over it.  See Powers, 227 Va. at 476, 316 S.E.2d at 740.  The facts established no more than a mere suspicion that the firearm was possessed by Hancock or that he knew the firearm was under the driver's seat.  The evidence must rise beyond "the realm of probability and supposition."  Hall v. Commonwealth, 225 Va. 533, 537, 303 S.E.2d 903, 905 (1983).  "'Circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a [guilty] verdict . . . beyond a reasonable doubt.'"  Crisman, 197 Va. at 21, 87 S.E.2d at 799 (quoting Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944)).  Proof that the firearm was located close to Hancock

was not sufficient to prove the elements of the offense beyond a reasonable doubt.  See Jones v. Commonwealth, 17 Va. App. 572-74, 439 S.E.2d 863, 864 (1994).  Accordingly, we reverse the conviction.

Reversed.