COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


LUTHER EARL BRACEY,
 s/k/a LUTHER BRACY
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 3214-96-1           JUDGE WILLIAM H. HODGES
                                         OCTOBER 28, 1997
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                     E. Everett Bagnell, Judge

          Michael D. Eberhardt for appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (Richard Cullen, Attorney General;
          Margaret Ann B. Walker, Assistant Attorney
          General, on brief), for appellee.


     Luther Earl Bracey appeals from a jury verdict convicting

him of possessing a sawed-off shotgun and possessing a firearm

after having been convicted of a felony.  He asserts that the

evidence was insufficient to prove beyond a reasonable doubt that

he possessed the shotgun.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

     So viewed, the evidence proved that on September 25, 1993,

at approximately 4:30 a.m., Officer Harris initiated a traffic

───────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

stop of an automobile driven by and registered to Linwood Barns. At the time of the stop, Bracey was riding on the passenger side of the front seat, and Harris observed no suspicious movement in the vehicle by either Barns or Bracey. Harris testified that, as soon as the car stopped, the front passenger door "flew open," and Bracey "jumped out of the passenger side and stepped up on the curb real quick." Bracey walked toward Harris, ignoring Harris' repeated orders to return to the car, conduct which Harris regarded as very unusual for a passenger during a traffic stop. Officer Davis arrived at the scene moments after the stop. While Harris spoke with Barns, Davis approached the passenger side of the car, where Bracey was standing. Shining his flashlight inside, Davis noticed the fourteen-inch barrel of a sawed-off shotgun extending from beneath the passenger side of the front seat. Davis testified that, although he could not see the stock or butt of the weapon, the barrel was clearly visible. The car had a bench seat and the floor on the passenger side was separated from the driver's side by the transmission "hump."

"[W]here, as here, a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citation omitted).

"Possession [of contraband] may be actual or constructive." Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368

2

(1994) (en banc).

> To support a conviction based upon constructive possession "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [item] and that it was subject to his dominion and control."

Hancock v. Commonwealth, 21 Va. App. 466, 469, 465 S.E.2d 138, 140 (1995) (citation omitted). "In determining whether a defendant constructively possessed a firearm, the defendant's proximity to the firearm and his occupancy and ownership of the vehicle must also be considered." Logan, 19 Va. App. at 444, 452 S.E.2d at 369. Possession need not be exclusive--a defendant may share possession of a weapon with another. See Blake v. Commonwealth, 15 Va. App. 706, 708, 427 S.E.2d 219, 220 (1993).

Bracey argues that Hancock supports his contention that he did not possess the shotgun. In Hancock, the defendant was one of five occupants of the vehicle in which a firearm was recovered. See Hancock, 21 Va. App. at 468, 465 S.E.2d at 139. The defendant was sitting in the back seat of the car, behind the driver, and the firearm was found under the driver's seat. See id. The police officer who found the gun testified that he could not see the weapon until after the defendant exited the car and that a person would not see the gun unless he looked at the floorboard. See id. at 470, 465 S.E.2d at 140.

Here, however, Davis found the firearm only partially hidden beneath the seat where Bracey had been sitting. The presence of

3

the transmission hump prevented the shotgun from sliding to Bracey's side of the car.  Only Barns and Bracey occupied the vehicle, and no evidence supports the hypothesis that Barns placed the shotgun under Bracey's seat after the stop.  The fourteen-inch barrel of the gun was "sticking out" from under the seat and could be seen clearly.  Harris testified that Bracey acted suspiciously in exiting the car, approaching the officer and ignoring repeated instructions to return to the vehicle. From such conduct, the trial court could reasonably infer that Bracey was aware of the shotgun, which was subject to his dominion and control, and was attempting to distance himself from it before discovery by police.

Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that Bracey knowingly, constructively possessed the sawed-off shotgun, and we affirm the convictions.

<u>Affirmed</u>.

Benton, J., dissenting.

"We can affirm this [conviction] only if the Commonwealth proved beyond a reasonable doubt that [Luther Bracey] had actual knowledge of the presence of the firearm, i.e. 'knowingly and intentionally possess[ed]' the firearm."  Hancock v. Commonwealth, 21 Va. App. 466, 469, 465 S.E.2d 138, 140 (1995) (citations omitted).  Indeed, in Hancock, a case with facts remarkably similar to this appeal, we stated the following well established principles:

> To support a conviction based upon constructive possession "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [item] and that it was subject to his dominion and control."  Proof that the firearm "was found in . . . a vehicle . . . occupied by the [accused] is insufficient, standing alone, to prove constructive possession."

Id. (citations omitted).

The evidence proved that Bracey had been a passenger in the vehicle that the police officer stopped late at night.  When the officer approached the vehicle to look inside, he "shined [a] light into the floorboard which is underneath the seat [and] . . . observed what appeared to be the barrel of a shotgun."  The officer testified that the barrel of the shotgun had been "sawed-off" and that the shotgun was lying at an angle under the passenger side of the front seat.  Although the officer testified that "the only thing that was sticking out was the barrel," he

5

did not describe how much of the barrel was protruding. The officer also testified that the interior of the vehicle, a "seventies model . . . Buick," was strewn with "items in the back seat, in the front seat, . . . and was right dirty."

The evidence proved that the driver owned the vehicle. No evidence tended to prove that the firearm was not owned by the driver or that the firearm was put under the seat after Bracey entered the vehicle. No evidence proved how long Bracey had been in the vehicle. Furthermore, no evidence proved that Bracey's fingerprints were on the firearm, that Bracey had possessed the firearm, or that Bracey had ever seen the firearm.

Because the evidence proved that the police stopped the vehicle at night and discovered the firearm by shining a light in the vehicle, the evidence failed to prove or even permit a reasonable inference that Bracey could have seen the firearm. No testimony proved how much of the barrel was protruding beyond the seat or proved that the protruding portion, if any, could have been seen without the aid of a light. Indeed, the combination of the darkness and the rubble in the vehicle only allow conjecture whether any protruding object would have been noticed by a passenger.

As in Hancock, proof that Bracey was a passenger in the vehicle and, therefore, was in proximity to the firearm is not a sufficient basis to prove beyond a reasonable doubt that Bracey constructively possessed the firearm that was under the seat. No evidence established that [Bracey]

6

> ever held the firearm, saw it, knew it was present, or exercised any dominion and control over it. The facts established no more than a mere suspicion that the firearm was possessed by [Bracey] or that he knew the firearm was under the . . . seat. The evidence must rise beyond "the realm of probability and supposition." "'Circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a [guilty] verdict . . . beyond a reasonable doubt.'" Proof that the firearm was located close to [Bracey] was not sufficient to prove the elements of the offense beyond a reasonable doubt.

21 Va. App. at 472, 465 S.E.2d at 141-42 (citations omitted).

Because the evidence is not "wholly consistent with guilt and wholly inconsistent with innocence," Scruggs v. Commonwealth, 19 Va. App. 58, 61, 448 S.E.2d 663, 664 (1994), I dissent. I would reverse the convictions.