COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

KENNETH A. GORE

MEMORANDUM OPINION[*] BY

v.          Record No. 1776-97-1          JUDGE NELSON T. OVERTON
                                             JUNE 23, 1998
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dennis F. McMurran, Judge

Frederick M. Quayle (Elizabeth B. Fitzwater,
on brief), for appellant.

Leah A. Darron, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Kenneth A. Gore (defendant) was convicted in a bench trial

of possession of a firearm after having been convicted of a

felony, in violation of Code § 18.2-308.2. On appeal, he

contends the evidence was insufficient to show his constructive

possession of the firearm. Because we find the evidence was

sufficient, we affirm.

The parties are fully conversant with the record in the case

and because this memorandum opinion carries no precedential

value, no recitation of the facts is necessary.

"Proof that appellant possessed the gun . . . either

actually or constructively, was sufficient to support his

conviction for possession of a firearm by a convicted felon."

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Archer v. Commonwealth, 26 Va. App. 1, 11-12, 492 S.E.2d 826, 831 (1997) (citing Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993)).  For a conviction based upon constructive possession to stand, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [item] and that it was subject to his dominion and control."  Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

Defendant analogizes his case with that of Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995).  In Hancock, the defendant sat in the back seat of a car and the gun was found underneath the seat directly in front of him.  The evidence showed that if Hancock had not looked down under that seat, he would not have necessarily known about the gun.  Because the Commonwealth did not exclude that possibility, his conviction was reversed.

In the instant case, defendant was driving the car when it was pulled over.  The car was registered to his wife, only they possessed keys and only he and his wife ever drove the car.  The handgun was found in the glove compartment.  Defendant reached into the glove compartment to retrieve the registration while the gun was in that glove compartment.  He admits he saw the gun and yet said nothing to the police officer.  At that moment he had both knowledge of the gun and exercised dominion and control over

it, which is what the statute requires.  <u>See</u> Code § 18.2-308.2.

Because the Commonwealth proved defendant constructively possessed the firearm, his conviction is affirmed.

<u>Affirmed.</u>