COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


McKINLEY LEE ARTIS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 3305-02-1                      JUDGE ROBERT P. FRANK
                                                    MARCH 30, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

S. Jane Chittom, Appellate Defender (Public Defender Commission,
on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


McKinley Lee Artis (appellant) was convicted in a jury trial of possession of cocaine, in

violation of Code § 18.2-250, and possession of a firearm while in possession of cocaine, in

violation of Code § 18.2-308.4.  On appeal, he challenges only the firearm offense, contending the

jury erred in finding that he possessed the firearm that was found under his seat cushion.  Finding

the jury had sufficient evidence before it, we affirm the conviction.

BACKGROUND

Officer L. Cortez of the Virginia Beach Police Department conducted a traffic stop of a

pickup truck in which appellant was the passenger.  While Cortez talked to the driver, Officer L.R.

McCray talked to appellant.  Cortez observed appellant "moving around in the vehicle" and "acting

nervous, fidgeting around."

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

McCray, while attempting to obtain some identification from appellant, noticed:

> he kept [his left hand] near his side; and I could see in his hand a blue cap, and at that point that's all I could see was maybe an inch or so of a blue cap, a little plastic material, and he was very careful not to expose that hand. He kept it by his side; and while he was trying to locate his I.D., I noticed that he got rid of the item . . . .

McCray informed Cortez that she believed appellant had drugs in his hand. Cortez then obtained a social security number from appellant and checked the number with the Department of Motor Vehicles. The number "came back not on file in Virginia." At this point, Cortez asked appellant to step out of the vehicle. The driver remained in the truck.

Appellant consented to a pat-down search, which Officer Cortez conducted beside the truck, with the passenger door open. As a result of this search, Cortez retrieved a "glass smoking device with residue in it," which he believed was a crack cocaine pipe. Cortez did not watch the driver at this point, and Officer McCray had left the scene. Cortez arrested appellant for possession of cocaine and began to search the area of the vehicle where appellant had been sitting.

On the passenger seat of the truck was "a small brown cushion about one inch thick." The cover was cotton, with "foam inside of it." Officer Cortez described the cushion as "squashy," similar to "an upholstered cushion that would go on like a dining room table." When Cortez lifted the cushion, "directly underneath" it he found a .357 Smith and Wesson revolver containing six rounds. Cortez also recovered a plastic vial with a blue cap "laying right next to the gun." Cortez then told appellant that he was also under arrest for possession of heroin. Appellant immediately responded, "Officer, that's not heroin, that's cocaine."

ANALYSIS

Essentially, appellant maintains the evidence was insufficient to prove he possessed the firearm. He argues the evidence did not preclude the possibility that the driver placed the gun under

the seat cushion. Appellant also contends none of the evidence proves he knew the gun was under the cushion.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). The jury's verdict will be upheld on appeal "unless we conclude no rational juror could have reached that decision." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*), affirmed, 266 Va. 397, 588 S.E.2d 149 (2003). If evidence supports the jury's decision, then this Court must affirm the conviction. Id.

> "To establish 'possession' in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character." Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992) (citation omitted).

> To support a conviction based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused *or other facts or circumstances which tend to show that the defendant* was aware of both the presence and character of the substance and that it was subject to his dominion and control." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citation omitted) (emphasis added).

> "Proof of constructive possession necessarily rests on circumstantial evidence; thus, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Birdsong v. Commonwealth, 37 Va. App. 603, 607-08, 560 S.E.2d 468, 470-71 (2002).

"Whether a hypothesis of innocence is reasonable is a question of fact, and a finding by the [fact finder] is binding on appeal unless plainly wrong." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citations omitted).

We agree with appellant that proximity alone is not sufficient to prove possession. However, proximity "is a circumstance which may be probative in determining whether an accused possessed such [items]. Ownership or occupancy of the vehicle in which the [items] are found is likewise a circumstance probative of possession." Id. (citations omitted). To determine whether the evidence proves possession, we must examine the totality of the circumstances. Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997).

Appellant's reliance on Crisman v. Commonwealth, 197 Va. 17, 87 S.E.2d 796 (1955), and Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995), is misplaced. In Crisman, three men were in the front seat of a car, and two men, including defendant, were in the backseat. 197 Va. at 18, 87 S.E.2d at 797. The police found a small quantity of powdered heroin on the floor in front of the rear seat. Id. at 18, 87 S.E.2d at 797-98. The only evidence linking Crisman to the heroin was his proximity to the drugs and his mere presence in the vehicle.

In Hancock, the defendant was a passenger, seated on the rear driver's side of the car. 21 Va. App. at 468, 465 S.E.2d at 139. Police found a firearm "on the floorboard under the driver's seat." Id. The officer could not see the weapon until Hancock "'stepped out and his feet were on top of [the gun].'" Id. No other evidence suggested Hancock possessed the weapon.

Here, however, appellant was sitting on the gun, not simply near it. The jury could reasonably infer that appellant felt the gun through the cushion and, thereby, knew it was under him. In addition, the vial that was seen in appellant's possession before discovery of the gun was

- 4 -

then found beside the gun under the same cushion. Appellant admitted he knew the contents of the vial. These additional factors distinguish Crisman and Hancock from the case before us.

Appellant contends the driver had the opportunity to put the gun under the seat cushion and that the Commonwealth failed to exclude this hypothesis of innocence. See, e.g., Birdsong, 37 Va. App. at 608, 560 S.E.2d at 470-71 (noting the Commonwealth must exclude every reasonable inference of innocence arising from the evidence). However, the jury did not find appellant's inference reasonable, and we are bound by that determination unless it is plainly wrong. Glasco, 26 Va. App. at 774, 497 S.E.2d at 155. Based on the evidence presented in this case, the jury's rejection of such an inference was not plainly wrong.

Officer Cortez found the fully loaded firearm underneath the seat cushion where appellant was sitting while he possessed the drugs. Based upon the size and description of the foam cushion and the firearm, the jury could reasonably infer that the driver could not have placed the gun under the cushion without the officer noticing his actions. The evidence proved appellant and Officer Cortez stood beside the passenger-side door to the truck during their encounter. That door remained open from the time appellant stepped out of the vehicle until the officer discovered the weapon. Cortez testified he did not see the driver, who remained in the truck, engage in any suspicious behavior during this time. The driver was no longer under investigation, allowing the inference that he had no reason to hide the gun if it had been in his possession. Appellant was the only person seen making hand motions toward the cushion. See Clarke v. Commonwealth, 32 Va. App. 286, 305-06, 527 S.E.2d 484, 494 (2000) (noting that a fact finder can consider movement toward the place where a gun is found as evidence of possession). The officer found the vial that was seen in appellant's hand right beside the firearm. The jury, as fact finder, could reject the hypothesis that the driver placed the weapon under the cushion based on this evidence. The jury's decision was not plainly wrong.

CONCLUSION

The evidence proved more than appellant's mere proximity to the weapon and mere occupancy of a vehicle. We hold the fact finder had sufficient evidence to find appellant was guilty beyond a reasonable doubt.

<u>Affirmed.</u>