COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


ALDESHAWN GADSDEN
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2077-04-1                      JUDGE LARRY G. ELDER
                                                        NOVEMBER 15, 2005
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Thomas S. Shadrick, Judge

            J. Barry McCracken for appellant.

            Donald E. Jeffrey, III, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General; Steven A. Witmer, Assistant Attorney
            General, on brief), for appellee.


        Aldeshawn Gadsden (appellant) appeals from his bench trial conviction for possession of

a firearm by a convicted felon.  On appeal, he contends the evidence was insufficient to prove he

constructively possessed the weapon found beneath the floor mat of the seat of the vehicle in

which he was riding.  We agree.  Thus, we reverse his conviction and dismiss the indictment.

        Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence,

provided it is sufficiently convincing to exclude every reasonable hypothesis except that of

guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  "[T]he

Commonwealth need only exclude reasonable hypotheses of innocence that flow from the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence, not those that spring from the imagination of the defendant." Hamilton v.

Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

To support a conviction based upon constructive possession, "the Commonwealth must

point to evidence of acts, statements, or conduct of the accused or other facts or circumstances

which tend to show that the defendant was aware of both the presence and character of the

substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227

Va. 474, 476, 316 S.E.2d 739, 740 (1984). Possession "need not always be exclusive. The

defendant may share it with one or more." Josephs v. Commonwealth, 10 Va. App. 87, 89, 390

S.E.2d 491, 497 (1990) (en banc). However, mere proximity to a controlled item, such as a gun

or narcotics, is not legally sufficient by itself to establish dominion and control. Wright v.

Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); Fogg v. Commonwealth, 216

Va. 394, 395, 219 S.E.2d 672, 673 (1975). For example, proof that illegal narcotics were "found

in [the] premises or a vehicle owned or occupied by the [accused] is insufficient, standing alone,

to prove constructive possession." Powers, 227 Va. at 476, 316 S.E.2d at 740.

Appellant contends no evidence indicated he knowingly and intelligently exercised

dominion and control over the weapon. We agree that the evidence was insufficient to prove

appellant possessed the weapon found beneath the front passenger's floor mat.

We find the holding in Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138

(1995), is controlling. The defendant in Hancock was seated behind the driver in the backseat of

a car stopped by police. Id. at 468, 465 S.E.2d at 139. A total of four people were in the car. Id.

After Hancock exited the vehicle, the police noticed a gun on the floorboard under the driver's

seat. Id. The officer testified he could not see the gun until Hancock stepped out of the car

because "'his feet were on top of it.'" Id. Additionally, the car was stopped at night, so the

lighting precluded a clear view of the gun.  Id. at 472, 465 S.E.2d at 141.  We reversed

Hancock's conviction, noting:

> No evidence established that Hancock ever held the firearm, saw it,
> knew it was present, or exercised any dominion and control over it.
> See Powers, 227 Va. at 476, 316 S.E.2d at 740.  The facts
> established no more than a mere suspicion that the firearm was
> possessed by Hancock or that he knew the firearm was under the
> driver's seat.  The evidence must rise beyond "the realm of
> probability and supposition."  Hall v. Commonwealth, 225 Va.
> 533, 537, 303 S.E.2d 903, 905 (1983).  "'Circumstances of
> suspicion, no matter how grave or strong, are not proof of guilt
> sufficient to support a [guilty] verdict . . . beyond a reasonable
> doubt.'"  Crisman [v. Commonwealth], 197 Va. [17,] 21, 87 S.E.2d
> [796,] 799 [(1955)] (quoting Powers v. Commonwealth, 182 Va.
> 669, 676, 30 S.E.2d 22, 25 (1944)).  Proof that the firearm was
> located close to Hancock was not sufficient to prove the elements
> of the offense beyond a reasonable doubt.  See Jones v.
> Commonwealth, 17 Va. App. [572,] 572-74, 439 S.E.2d 863, 864
> (1994).

Id. at 472, 465 S.E.2d at 141-42.

Similarly in appellant's case, the Commonwealth presented no evidence that appellant

knew the weapon was hidden beneath the floor mat of the seat in which he was riding.  It is

uncontroverted that the gun was hidden from sight.  Both officers testified the gun was not

visible beneath the floor mat, and Officer Johnson testified he was unable to see even the bulge

in the floor mat until he shined his flashlight directly on it.  Although Officer Woltemath opined

the bulge was located directly beneath the spot on which appellant would have placed his feet,

Officer Woltemath admitted he did not see where appellant's feet were located as appellant sat in

the vehicle.  The record also contained no evidence regarding how long appellant had been in the

vehicle prior to the stop, whether it was light when he had entered, whether the vehicle's interior

lights were operational, or whether they would have illuminated the bulge even if they had been

operational.  Further, in Hancock, despite the fact that the evidence affirmatively showed the

defendant's "'feet were on top of [the weapon],'" we held the evidence "established no more

- 3 -

than a mere suspicion" that "he knew the firearm was" beneath his feet or that he constructively possessed it. Id. at 472, 465 S.E.2d at 141.

Even assuming, as the trial court did, that appellant knew "something" was under the mat, the evidence is insufficient to prove he knew it was a firearm or that it was subject to his dominion and control. Here, as in Hancock, the evidence provided no indication that appellant made any furtive gestures toward the firearm or engaged in any acts, statements, or conduct indicating he exercised dominion and control over the firearm. The record contains no forensic evidence indicating appellant had prior contact with the gun or the ammunition with which it was loaded. Further, the statements of the driver do not prove the firearm under the passenger's mat belonged to appellant. The driver's statement that there was "a gun" rather than "guns" in the car, coupled with the fact that the officers found "a gun" on the driver's side of the car, where the driver said it would be, supports a finding that the gun beneath the mat on the driver's side belonged to the driver and that the gun beneath the mat on the passenger's side did not belong to the driver. However, that fact creates no more than a suspicion that the gun found beneath the mat on the passenger's side belonged to appellant.

Thus, the evidence proved only that appellant was an occupant of a vehicle and in close proximity to the hidden revolver. This circumstantial evidence is legally insufficient to prove possession. See Powers, 227 Va. at 476, 316 S.E.2d at 740; Hancock, 21 Va. App. at 472, 465 S.E.2d at 141-42; see also Myers v. Commonwealth, 43 Va. App. 113, 121-23, 596 S.E.2d 536, 540 (2004) (applying Hancock to reverse conviction for passenger's constructive possession of firearm secreted on passenger's floorboard inside blanket).

For these reasons, we hold the evidence was insufficient to prove appellant constructively possessed the weapon found beneath the floor mat of the seat of the vehicle in which he was riding.  Thus, we reverse his conviction and dismiss the indictment.

<u>Reversed and dismissed.</u>