COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Frank, Humphreys and Chafin
Argued at Chesapeake, Virginia


MALCOLM J. BROWN

                                                  MEMORANDUM OPINION[*] BY
v.      Record No. 0353-13-1                      JUDGE ROBERT P. FRANK
                                                  APRIL 1, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

J. Barry McCracken, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


        Malcolm J. Brown, appellant, was convicted, in a bench trial, of possessing a firearm after

having been convicted of a felony, in violation of Code § 18.2-308.2.  On appeal, he contends the

evidence was insufficient to prove:  (1) the "handgun" was a firearm within the meaning of the

statute and; (2) he was in either actual or constructive possession of the alleged firearm.  For the

reasons stated, we affirm the judgment of the trial court.

                                       BACKGROUND

        Around 3:50 a.m. on May 29, 2012, Officer John A. Tolson, Jr., of the Norfolk Police

Department, responded to "[s]everal gunshots of different caliber" he heard in the vicinity of 1217

Ledge Street.  The shots "were so close to where [he] was."  Within fifteen to thirty seconds, he saw

a four-door car run a stop sign at a high rate of speed.  A passenger was partially hanging out of the

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

open left rear passenger door of the speeding car. Tolson followed, called for backup, and stopped the car.

Tolson ordered the four occupants to stay inside the car and place their hands outside the windows. Tolson then directed the occupants to individually exit the car, starting with the driver, then the front seat passenger, then the left rear seat passenger (appellant), and finally the right rear seat passenger who exited from a different door than appellant. The officer did not observe what that last passenger was doing inside the vehicle, who remained in the vehicle approximately a minute to a minute and a half. The officer testified that the occupants all had their hands outside the windows as instructed. There was no indication that the last passenger to exit did not comply with those instructions. All occupants exited the car through the door closest to them.

Appellant made several attempts to exit the car before his turn, disobeying police instructions to remain inside the vehicle. Tolson had to repeatedly order appellant to remain inside the car. When appellant exited the car, he held a white T-shirt in his hand. Tolson told him to turn around and walk backwards to the sound of Tolson's voice, but appellant ignored the officer's instructions. Instead, appellant stared and laughed at the officers. After about thirty seconds, appellant walked toward the car and reached down to where he had previously been seated in the back seat. When he stood up, he was no longer holding the T-shirt. At that point, appellant finally complied with the officer's instructions and was taken into custody.

After all the occupants were removed from the car, Tolson looked where appellant had been sitting. Tolson saw the white T-shirt partially covering a .9 millimeter handgun that he described as a "silver Bryco Arms with a black handle." Appellant did not object to that characterization of the handgun. The gun had a clip in it that contained bullets. Two additional firearms were recovered from underneath the driver's seat. Appellant later told Tolson that one of those firearms belonged to another occupant of the car.

Appellant was neither the driver nor the owner of the vehicle. The weapon was not tested for fingerprints or DNA, nor was the gun introduced into evidence.

In finding appellant guilty, the trial court concluded the magazine and bullets proved the weapon was, in fact, a firearm as contemplated by the statute.

Further, the court stated:

> The gun was found in the seat upon which the defendant was seated just before he got out of the car. His actions in trying to get out of the car before being ordered to do so are certainly consistent with trying to get away from incriminating evidence. His actions going back and putting the T-shirt in the car is consistent with trying to conceal incriminating evidence in the place where he had been seated.

The trial court rejected appellant's argument that the last passenger to exit the car placed the weapon on the seat, stating no evidence supported that conclusion and characterizing it as "pure speculation."

This appeal follows.

## ANALYSIS

Appellant argues the evidence is insufficient to prove he either constructively or actually possessed the firearm. He also challenges the trial court's finding that the handgun met the statutory definition of "firearm" pursuant to Code § 18.2-308.2.

On appeal, when considering a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). Stated otherwise, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original; citation and

internal quotation marks omitted).  Rather, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319 (emphasis in original).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  Id.  Furthermore, "[t]his Court does not substitute its judgment for that of the trier of fact."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

This deferential appellate standard "applies not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63-64 (2010).  Thus, a fact finder may "draw reasonable inferences from basic facts to ultimate facts," Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004) (citation omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted).

## Firearm

> [I]n order to sustain a conviction for possessing a firearm in violation of Code § 18.2-308.2, the evidence need show only that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion.  It is not necessary that the Commonwealth prove the instrument was "operable," "capable" of being fired, or had the "actual capacity to do serious harm."

Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002).

Our inquiry, then, is whether the "firearm" that Officer Tolson recovered was "designed, made and intended to expel a projectile by means of an explosion."  We find that it is.

In support of his argument, appellant points to the lack of forensic evidence, absence of testimony of an expert witness, and no photographs of the instrument.  He argues the only

evidence presented at trial was Officer Tolson's observation that the instrument appeared to be a firearm.

While Officer Tolson was not qualified as an expert, it is a fair inference that a police officer in the field can recognize a firearm. His familiarity with weapons led him to conclude the object was a .9 millimeter Bryco Arms firearm. See Jordan v. Commonwealth, 286 Va. 153, 158, 747 S.E.2d 799, 801 (2010) (explaining that a witness' identification of a firearm as a "Raven" indicated a specific type of weapon that was designed, made, and intended to fire or expel a projectile by means of an explosion).

Appellant never objected to the officer's description of the weapon. Additionally, the firearm had a magazine containing bullets. It is certainly a reasonable inference that a .9 millimeter Bryco Arms weapon, loaded with a magazine and bullets, was designed, made, and intended to expel a projectile by means of an explosion. It defies reason that a loaded weapon would have any purpose other than to discharge projectiles. See Perry v. Commonwealth, 61 Va. App. 502, 513, 737 S.E.2d 922, 929 (2013) (taking into consideration the fact that the weapon was loaded in determining whether the weapon is a firearm under Code § 18.2-308.2).

At oral argument, appellant contended that there was no evidence that the bullets found in the magazine were actual ammunition. He argued the items referred to as "bullets" could have been toy bullets. Yet, when Officer Tolson testified that there were bullets in the magazine, appellant never objected to the officer's description. Thus, the uncontested evidence before the fact finder was that the .9 millimeter Bryco Arms weapon had a magazine that contained actual bullets.

Therefore, we find no error in the trial court's determination that the handgun was a "firearm" as defined by Code § 18.2-308.2.

"A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession. Evidence of actual possession is not necessary." Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998). To establish constructive possession of a firearm, the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control. Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986). The Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm or ownership or occupancy of the premises where the firearm is found. Walton, 225 Va. at 426, 497 S.E.2d at 871-72. However, these are circumstances probative of possession and may be considered as factors in determining whether the defendant possessed the firearm. Id. Furthermore, the Commonwealth does not have to prove that possession was exclusive. Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

Appellant contends the evidence supports a reasonable hypothesis that the last passenger to exit possessed the gun in question.

"There is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 31-32 (2005), cert. denied, 547 U.S. 1136 (2006). The Virginia Supreme Court has held that "'circumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Finney v. Commonwealth, 277 Va. 83, 89, 671 S.E.2d 169, 173 (2009) (quoting Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000)). Furthermore, circumstantial evidence "is not viewed in isolation." Muhammad, 269 Va. at 479,

619 S.E.2d at 32. "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Id. (citation omitted).

"'The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" Kelly, 41 Va. App. at 258, 584 S.E.2d at 447-48 (quoting Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003)).

> Whether the hypothesis of innocence is reasonable is itself a "question of fact," Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (citation omitted), subject to deferential appellate review, Kelly, 41 Va. App. at 259, 584 S.E.2d at 448. "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). By finding the defendant guilty, therefore, the factfinder "has found by a process of elimination that the evidence does not contain a reasonable theory of innocence." United States v. Kemble, 197 F.2d 316, 320 (3d Cir. 1952).

Haskins, 44 Va. App. at 8-9, 602 S.E.2d at 406 (other citation omitted).

Appellant relies on Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995), in support of his argument. In Hancock, the accused was seated behind the driver's seat. A revolver was found on the floorboard under the driver's seat. The officer testified he could not see the weapon until after Hancock "stepped out and his feet were on top if it." Id. at 468, 465 S.E.2d at 139. The weapon had fresh mud on it, and Hancock's feet were wet. Only a streetlight illuminated the interior of the vehicle. The officer further testified if someone entering the car did not look down at the floorboard, that person would not necessarily have seen the weapon. Id. at 470, 465 S.E.2d at 140. There was no evidence of when Hancock entered the vehicle, nor did Hancock make any statement. We concluded that the evidence did not exclude the hypothesis

that another person in the vehicle may have possessed the gun.  Id. at 470, 465 S.E.2d at 141.  Essentially, the only evidence was Hancock's proximity to the weapon.

Hancock is inapposite to the facts in the instant case.  Clearly, the trial court rejected appellant's reasonable hypothesis of innocence argument, characterizing appellant's hypothesis as "farfetched" and without any evidence to support it.

Based on appellant's conduct, the trial court properly concluded appellant was aware of the presence and character of the firearm and it was subject to his dominion and control.  Officer Tolson testified that he saw someone "hanging" out of the driver's side back door.  He later established that appellant was sitting in that area of the car.  It is a reasonable inference that appellant was that individual hanging from the vehicle's open door only fifteen to thirty seconds after gunshots were heard.  Then, after Officer Tolson stopped the vehicle, appellant refused to comply with the officer's instructions to remain inside the car.  Appellant continued to disobey instructions after he exited the vehicle.  Against Officer Tolson's directives, appellant returned to the car with a T-shirt in his hand and placed the T-shirt over the weapon.  The trial court correctly noted, "[Brown's] actions in trying to get out of the car before being ordered to do so is certainly consistent with trying to get away from incriminating evidence."  Equally incriminating, appellant's attempt to hide the weapon shows that appellant had knowledge of the character and nature of the instrument.  Further, the weapon was in plain view where appellant had been sitting.  It should be noted that only after appellant hid the firearm did he comply with the officer's instructions.

Based on the totality of the circumstances, we conclude appellant constructively possessed the firearm, being aware of the presence and character of the firearm and that it was subject to appellant's dominion and control.  Therefore, there is sufficient evidence to support the trial court's finding of guilt.

- 8 -

CONCLUSION

We find the evidence was sufficient to prove the Bryco Arms handgun was a firearm within the meaning of the statute and that appellant exercised dominion and control over it. Therefore, appellant's conviction is affirmed.

<u>Affirmed.</u>