COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chafin and O'Brien
Argued at Norfolk, Virginia


LONNIE JOE SALONE

v.      Record No. 0956-14-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
NOVEMBER 3, 2015


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Charles E. Haden for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Lonnie Salone was convicted in a bench trial of possession of a firearm by a violent

felon, in violation of Code § 18.2-308.2. On appeal, he argues that "the trial court erred in

rejecting [his] argument that the evidence was insufficient to prove beyond a reasonable doubt

that [he] possessed a firearm after having been convicted of a violent felony, where the

Commonwealth failed to demonstrate that [he] actually or constructively possessed a firearm or

that he exercised any dominion and control over a firearm." Finding no error, we affirm.

I.  BACKGROUND

Virginia State Trooper Becky Curl was on her motorcycle, patrolling an area on Interstate

64 at approximately 1:30 p.m. on May 26, 2013. She observed a Dodge sedan travelling twelve

miles per hour over the speed limit and further observed that the driver was not wearing a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

seatbelt.  There were three people in the car:  Jamaine McKoy, the driver, Lonnie Salone ("appellant"), who was in the front passenger seat, and another individual in the back seat.

The trooper attempted to pull the car over, but the driver did not immediately stop.  Rather, the driver slowed down to forty-five miles per hour and caused the vehicle to "[move] erratically."  During this time, the trooper noticed "some pretty obvious activity happening inside the passenger compartment of the vehicle."  She saw the driver, McKoy, reach into the back seat and put his hand under and into a large Rubbermaid container.  She also observed appellant moving toward the "driver of the vehicle's right side."  She saw him lean down twice toward the driver's right side, near the gearshift area.

After the car stopped, Trooper Curl noticed appellant and McKoy leaning together, "still concentrated on the center part of the vehicle."  She asked the driver what he put in the box in the back seat, and he responded that he did not put anything in the box; he took a gun out of it.  Trooper Curl removed the driver from the vehicle and found a large caliber weapon stuck in his waistband.  She then removed the passenger from the back seat and secured him, and when backup arrived, she removed appellant from the front seat.  Trooper Curl testified that as she approached the driver's side of the vehicle she could see a .40 caliber Glock gun on the floor "up against the console" where the driver's right leg would have been.  She also found a .38 Smith & Wesson firearm inside the closed console "that flips up where the armrest is."

Following her search of the car, Trooper Curl conducted a record check of the three occupants of the car and discovered that appellant had been convicted of a violent felony in 2009 and was therefore prohibited from possessing a firearm.  Appellant told her that he was just "getting a ride" from McKoy.  When the trooper asked him if he would tell her if the weapons were his, he responded, "[P]robably not, Miss."

At trial, McKoy testified that he owned the three weapons found in the car, and he produced receipts proving that he had purchased the firearms. He said he was giving appellant a ride and that appellant never handled any of the guns and did not say anything to him about the firearms. McKoy stated that when he first entered the car, he placed the guns in the places where they were found, before appellant got in the car.

At the conclusion of the Commonwealth's case, the court denied appellant's motion to strike. Following closing argument, the court noted that it did not find McKoy's testimony credible and found that the "defendant was making furtive movements and exercising dominion and control of the one firearm." Accordingly, the court found appellant guilty.

## II. ANALYSIS

### A. Standard of Review

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). The judgment of the trial court is presumed to be correct and must be affirmed "unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008); see also Avent v. Commonwealth, 209 Va. 474, 164 S.E.2d 655 (1968).

We are required to afford the trial court's findings of fact "the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). The relevant inquiry is not whether we would find the defendant guilty beyond a reasonable doubt, but whether *any* rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). "If there is evidence to support the conviction, the reviewing court is not permitted to substitute its

judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact at the trial." Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).

### B. Assignment of Error 1

Appellant contends that the evidence was insufficient to find him guilty beyond a reasonable doubt because the Commonwealth did not prove that he actually or constructively possessed a firearm or that he exercised any dominion or control over a firearm. He notes that the trooper did not see him holding a firearm and there was no DNA, fingerprint, or other scientific evidence connecting him to the weapon. He argues that he was merely in close proximity to the firearm.

Code § 18.2-308.2(A) provides, in relevant part, "It shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm." Evidence of actual possession of the weapon is not required for a conviction. Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998). Possession may be actual or constructive; a conviction may be supported solely by evidence of constructive possession. Bolden, 275 Va. at 148, 654 S.E.2d at 586.

> To establish constructive possession of the firearm by a defendant, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control."

Id. (quoting Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006)). Thus, the issue of whether appellant constructively possessed a weapon is "'largely a factual one.'" Smallwood v. Commonwealth, 278 Va. 625, 631, 688 S.E.2d 154, 157 (2009) (quoting Ritter v. Commonwealth, 210 Va. 732, 743, 173 S.E.2d 799, 807 (1970)).

Constructive possession of a firearm requires that a defendant be aware of the "presence and character of the firearm and that the firearm was subject to his dominion and control." Rawls, 272 Va. at 349, 634 S.E.2d at 705. While proximity to the weapon is insufficient by itself to show knowing possession, it is a circumstance which may be considered in making the determination. Proximity may be "probative of possession." Id. at 350, 634 S.E.2d at 705.

In the case before us, the evidence did not establish appellant's actual possession of the firearm. The evidence was sufficient, however, for the trial court to conclude that appellant constructively possessed the firearm, because it was subject to his dominion and control. The weapon was found on the floor of the driver's side of the vehicle. Although Trooper Curl could not see appellant's hands, she saw him reaching and leaning his body toward the driver's right side, the area where the gun was found. Appellant's access to the firearm was not restricted in any way.

Appellant asserts that because there was evidence that McKoy owned the gun found on the floorboard and had access to it, it was McKoy and not appellant who possessed it. However, as the Supreme Court of Virginia has made clear, "[p]ossession and not ownership is the vital issue. Possession may be joint or several. Two or more persons may be in possession where each has the power of control and intends to exercise control jointly." Smallwood, 278 Va. at 631, 688 S.E.2d at 157.

Appellant cites Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995), to support his argument. Hancock, however, is distinguishable. In that case, Hancock was one of five occupants of a vehicle and was seated behind the driver's seat. Id. at 468, 465 S.E.2d at 139. A police officer asked him to exit the vehicle. Id. As Hancock picked up his feet, the officer saw a firearm on the floorboard under the driver's seat. Id. The officer testified that he

could not see the firearm until Hancock stepped out of the vehicle. Id. The trial court held that Hancock "should have known" the firearm was below his feet. Id. at 468-69, 465 S.E.2d at 140.

This Court reversed and held that the Code requires actual knowledge of the firearm. Id. at 469, 465 S.E.2d at 140. There was no evidence that Hancock knew the weapon was under the seat; the conviction was merely based on his proximity to the weapon. Id. at 472, 465 S.E.2d at 141. In reversing the conviction, the Court stated that "[p]roof that the firearm was located close to Hancock was not sufficient to prove the elements of the offense beyond a reasonable doubt." Id. at 472, 465 S.E.2d at 141-42; see also Coward v. Commonwealth, 48 Va. App. 653, 633 S.E.2d 752 (2006).

Here, the finding of guilt was based on more than appellant's mere proximity to the contraband. The trooper observed appellant's furtive movements directed toward the area of the car where the gun was found. See Adkins v. Commonwealth, 217 Va. 437, 438-39, 229 S.E.2d 869, 870 (1976) (evidence sufficient to support a conviction for constructive possession of marijuana found on driver's floorboard of the vehicle when the defendant was the only person in the front seat and the police officer, when approaching the car, saw him move from the driver's seat to the passenger seat); see also Clarke v. Commonwealth, 32 Va. App. 286, 527 S.E.2d 484 (2000). The officer's observation of appellant's furtive movements is evidence of appellant's knowledge that the firearm was in the vehicle and his constructive possession of it.

Therefore, the evidence in this case was sufficient to establish that appellant constructively possessed the firearm. When Trooper Curl attempted to pull the vehicle over, appellant began making furtive movements, "leaning" and "reaching" toward the area where the firearm was found, in the well of the driver's compartment. These furtive movements, combined with appellant's proximity to the firearm, were sufficient for the fact-finder to conclude that appellant constructively possessed the firearm.

Because we do not find that the court erred in determining that the evidence was sufficient to find appellant guilty of possession of a firearm after having been convicted of a violent felony, we affirm.

## III.  CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>