## Richmond

COLIE LEE LAWHORNE v. COMMONWEALTH OF VIRGINIA.

March 5, 1973.

Record No. 8088.

Present, All the Justices.

*William E. Artz,* for plaintiff in error.

*Burnett Miller, III, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Colie Lee Lawhorne was convicted by a jury of second-degree murder in the death of Edward Leon Rhodes. The punishment fixed by the jury, five years in the penitentiary, was imposed by the trial court, and we granted Lawhorne a writ of error.

The evidence consisted only of that presented by the Commonwealth since Lawhorne did not testify or call any witnesses in his behalf. It was shown that on September 30, 1971, two police officers of the city of Alexandria responded to a radio message directing them to investigate a shooting at a trailer in the Martha Washington Trailer Park. Upon their arrival at the address, the officers found the victim, Edward Leon Rhodes, lying on his back on the steps of the trailer.

He had a bullet wound in the middle of his forehead. He had slight pulse, and he was removed to a hospital in an ambulance.

The officers heard voices coming from the trailer. They stepped inside and called to the occupants to come forward. Lawhorne and his wife appeared, and Lawhorne said: "It was an accident, I didn't mean to do it." He was placed under arrest.

The officers found on a kitchen table a .380 Kertz-Savage automatic pistol. Lawhorne admitted that the gun was his and that it was the one used in the shooting.

The victim was dead on arrival at Alexandria Hospital. Lawhorne was subsequently charged with murder.

The sole question to be decided is whether the trial court erred in granting, at the request of the Commonwealth, Instruction I. The instruction read:

"In the absence of proof to the contrary, malice may be implied from the deliberate use of a deadly weapon, when used in a manner calculated to take the life of another human being."

Lawhorne contends that there was no evidence that his use of the weapon was deliberate. Therefore, he says, no implication of malice arose from his use of the weapon, and it was error to tell the jury that it could act upon such an implication.

The Commonwealth contends that in Virginia every homicide is *prima facie* murder in the second degree and that malice, the essential ingredient of the offense, is presumed from the mere fact of the homicide itself. The same presumption arises from the unexplained use of a deadly weapon, the Commonwealth further contends, and since it was proved that Lawhorne committed the homicide with a pistol and he did not satisfactorily explain his use of the weapon, he was presumptively guilty of murder in the second degree. The evidence was sufficient, the Commonwealth argues, to warrant either an instruction which stated that murder in the second degree was presumed or one which stated that malice was presumed from the deliberate use of a deadly weapon. Either instruction would have reached the same result, the Commonwealth concludes, and so it was not error, or at most only harmless error, to grant Instruction I.

The Commonwealth's position might have merit except for the fact that the trial court granted, at the request of Lawhorne, Instruc-

tion No. 3 which told the jury that the burden was upon the Commonwealth to prove that the killing of Rhodes *was not accidental.*[1] The Commonwealth's Attorney did not object to this instruction on the ground that it set forth an erroneous principle of law. In fact, he stated that he had "no problem with the language of the burden."

We express no opinion upon the correctness of the principle of law set forth in Instruction No. 3 or upon the question whether the evidence was sufficient to support the instruction. These questions are not before us. However, the effect of the instruction was to place upon the Commonwealth in this case the burden of proving that the killing of Rhodes was not accidental, that is, to show by evidence that the killing was intentional. This being so, the Commonwealth was not entitled to the presumption of malice set forth in Instruction I in the absence of evidence showing that Lawhorne's use of the pistol was deliberate, that is, not accidental. There was no such evidence, and so it was reversible error to grant Instruction I.

The judgment of the trial court will be reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*

---

[1] The instruction was taken from *Johnson* v. *Commonwealth*, 188 Va. 848, 856, 51 S.E.2d 152, 155 (1949), where the trial court had instructed the jury in similar language and we tacitly approved. But in the earlier case of *Mundy* v. *Commonwealth*, 144 Va. 609, 614-15, 131 S.E. 242, 243-44 (1926), we specifically held that the burden of showing that the killing was accidental was upon the accused. The *Mundy* case was not mentioned in the *Johnson* opinion.