COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Chesapeake, Virginia


AKILI AMIN ABDULLAH

                                                          OPINION BY
v.        Record No. 1166-08-1            JUDGE RANDOLPH A. BEALES
                                                          APRIL 14, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Norman A. Thomas, Judge

(Tanya L. Lomax, on brief), for appellant.  Appellant submitting on
brief.

Erin M. Kulpa, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


        The trial judge convicted Akili Amin Abdullah (appellant) of robbery, in violation of

Code § 18.2-58, and misdemeanor assault while part of a mob, in violation of Code § 18.2-42.

Appellant on appeal challenges the sufficiency of the evidence supporting these convictions.  For

the following reasons, we reverse appellant's robbery conviction, but affirm his misdemeanor

mob assault conviction.

I. BACKGROUND

        On August 5, 2007, between 9:00 and 10:00 p.m., Z.B. ("the victim") left a friend's

residence on 14th Bay Street in Norfolk and walked on Pleasant Avenue in the direction of 20th

Bay Street, toward his girlfriend's home.  It was dark, but the area was well illuminated by

streetlights.  The victim carried his laptop computer in a bag slung across his shoulder.

        The victim observed a group of four young men standing at the corner of Pleasant

Avenue and 20th Bay Street when he was approximately 100 feet away from that corner.

Standing in close proximity to the group of four young men was another group of three more young men. The victim became apprehensive after observing these two groups. He changed course, heading down 19th Bay Street and then walking through an alley behind a church. When he emerged from the alley, however, the victim saw that the two groups had merged and moved from the corner of Pleasant Avenue and 20th Bay Street. Now, the combined group had positioned itself to intercept him, and the group of young men had grown to approximately twelve members.

The group of young men surrounded the victim so that all but one of the men stood approximately three feet away from him. One young man – identified by the victim as appellant's codefendant, Maurice Costict – stood closer. Costict punched the victim in the neck; then the other young men "started coming towards" the victim "as a group." The victim attempted to run toward his girlfriend's home, but the group of young men stopped him and surrounded him "on all sides." At this point, various members of the group began hitting the victim, who was struck in the face "more than five times" by different people.

The victim testified that appellant was originally in the back of the group. Appellant, like the other young men, came closer and surrounded the victim after Costict landed the first blow. The victim did not testify that appellant was one of the men who hit him. However, the victim did testify that appellant was in the group "the whole time" and was one of the men who prevented him from escaping. The victim explained, "I cannot say that [appellant] put his hands on me, but he was there. I seen him."

During the assault, the victim began to defend himself and had almost escaped when an unidentified member of the group grabbed him by the back of his shirt, ripping it. The shirt became caught on the strap of the laptop bag, so the victim lifted the bag over his head in an attempt to break free of the man's grip. The victim wrapped the strap of the bag around his hand

and continued his attempt to escape until he was struck hard in the right side of his face. The victim lost his balance, and the laptop bag (still containing the laptop computer) dropped to the ground. At this point, the victim heard one or two men say, "Let's go. Come on. Let's go."

The victim, who was now almost free from the group, ran toward his girlfriend's apartment approximately fifty feet away. Costict and another member of the group chased him. The victim did not look back to see if his laptop remained on the ground.

The victim made it to his girlfriend's apartment, waited inside for about two or three minutes, and then returned to the scene of the assault. The laptop bag and the computer were gone.

Appellant and Costict were tried together before the trial court. The court denied appellant's motion to strike and his renewed motion to strike on both counts. The trial court convicted appellant of being a principal in the second degree to robbery and of participating in an assault by a mob. This appeal followed.

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar

- 3 -

standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

## A. ROBBERY

Appellant was found guilty of robbery as a principal in the second degree. Robbery is "'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Pritchard v. Commonwealth, 225 Va. 559, 561, 303 S.E.2d 911, 912 (1983) (quoting Mason v. Commonwealth, 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958)). To find a defendant guilty as a principal in the second degree, the Commonwealth must establish that the defendant procured, encouraged, countenanced, or approved the criminal act. Augustine v. Commonwealth, 226 Va. 120, 124, 306 S.E.2d 886, 888-89 (1983); Spradlin v. Commonwealth, 195 Va. 523, 526-27, 79 S.E.2d 443, 445 (1954); Brown v. Commonwealth, 130 Va. 733, 736-37, 107 S.E. 809, 810-11 (1921).

On brief and at oral argument, the Attorney General has requested that appellant's robbery conviction be reversed and dismissed in light of the Supreme Court's recent opinion in McMorris v. Commonwealth, 276 Va. 500, 666 S.E.2d 348 (2008), which was released after appellant's petition for appeal was filed and granted. We accept the Attorney General's concession and request as appropriate, given the facts in this case.

The defendant in McMorris, like appellant here, was found guilty of robbery as a principal in the second degree. The Supreme Court reversed McMorris's conviction, holding that no direct or circumstantial evidence proved that he was aware that the victim's property had fallen on the ground, that a co-assailant took it, or that McMorris shared any intent to rob the victim. Id. at 506-08, 666 S.E.2d at 351-52. The Supreme Court noted that the opportunity for the robbery arose during an attack on the victim, which had been prompted by "ill feeling"

toward the victim for events that occurred the previous night and was not initiated with the purpose of robbing the victim. Id. at 507, 666 S.E.2d at 352. The Supreme Court concluded, "Robbery is not an incidental, probable consequence of an assault; robbery requires a completely different type of wrongdoing: stealing." Id. at 508, 666 S.E.2d at 352. Therefore, we cannot presume, simply because appellant was involved in an attack on the victim, that he acted as a principal in the second degree to any robbery that occurred during the incident.

Here, the victim ran directly to his girlfriend's apartment building without looking back, so he did not see who took the laptop computer. The prosecution presented no evidence linking appellant, or even any other young man involved in the assault, with the taking of the laptop. The victim testified that no one in the group attacking him demanded or even referred to the computer during the assault. Therefore, the Commonwealth failed to present adequate evidence that appellant would have been aware of the taking of the laptop or shared any intent to take the laptop. Moreover, several bystanders who witnessed the assault were still present when the victim returned to the scene and discovered his computer was gone. As the Attorney General acknowledges, the prosecution offered no evidence foreclosing the possibility that one of these bystanders took the laptop computer as opposed to someone in appellant's group. See Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994) (explaining that "all reasonable hypotheses of innocence" that flow from the evidence "must be excluded" in order to find a defendant guilty based on circumstantial evidence).

On these facts, and in light of the Supreme Court's recent decision in McMorris, we find the evidence was insufficient to convict appellant of robbery as a principal in the second degree. Accordingly, we reverse and dismiss the robbery conviction.

- 5 -

## B. MISDEMEANOR ASSAULT WHILE PART OF A MOB

Under the Virginia Code, "[a]ny collection of people, assembled for the purpose and with the intention of committing an assault or a battery upon any person . . . , without authority of law, shall be deemed a 'mob.'" Code § 18.2-38. "Any and every person composing a mob which shall commit a simple assault or battery shall be guilty of a Class 1 misdemeanor." Code § 18.2-42. Therefore, "[i]n order to sustain a conviction of assault or battery by mob under Code § 18.2-42, the evidence must establish that the accused was a member of a mob and that the mob committed simple assault or battery." Commonwealth v. Leal, 265 Va. 142, 146, 574 S.E.2d 285, 288 (2003).

> The criteria which distinguishes individual behavior while part of a group from "mob" behavior is assembling for the specific purpose and with the specific intent of committing an assault and battery upon any person. That is not to say that the purpose for which the group initially came together must have been for the purpose of committing an assault and battery before a "mob" may be said to have "assembled." It is possible that individuals who are lawfully assembled may become members of a "mob" without great deliberation and for them to become part of a group which is moved or controlled by those impulsive and irrational forces which perpetuate mob violence. For a group of persons lawfully gathered for whatever purpose to "assemble" as a mob within the intendment of Code § 18.2-38, they need only to collectively band together with the common purpose and intention of committing an assault and battery upon a person. Whether a group of individuals has been so transformed into a "mob" depends upon the circumstances; no particular words or express agreements are required to effect a change in a group's purpose or intentions.

Harrell v. Commonwealth, 11 Va. App. 1, 7-8, 396 S.E.2d 680, 683 (1990).

Viewing the evidence here in the light most favorable to the Commonwealth, as we must since the Commonwealth was the prevailing party below, the victim's testimony amply established that he was the victim of an assault and battery by a mob as defined by statute and the applicable case law. The victim first noticed the group of young men standing near the corner of Pleasant Avenue and 20th Bay Street when he was approximately 100 feet away from

them. The victim changed course, walking along 19th Bay Street and through an alley in an attempt to avoid the group and reach his destination. The group followed the victim's movements so as to intercept him – and surrounded him as he emerged from the alley. The group of young men then assaulted and battered the victim. The Commonwealth's evidence, therefore, sufficiently established that the group of young men "collectively band[ed] together with the common purpose and intention of committing an assault and battery upon" the victim. Id. at 7, 396 S.E.2d at 683.

Furthermore, the Commonwealth sufficiently proved that appellant was a part of the assembled mob and, thus, was culpable for the mob assault. The victim testified that appellant was one of the young men who surrounded him, who converged upon him after Costict landed the first blow, and who prevented him from escaping. While the victim could not testify that appellant actually struck him or even laid hands on him, such facts were unnecessary to establish appellant's culpability under Code § 18.2-42. Rather, appellant's culpability was proven simply by his being part of the mob assembled for the purpose of assaulting the victim. "Every person composing a mob 'becomes criminally culpable even though the member may not have actively encouraged, aided, or countenanced the act.'" Leal, 265 Va. at 147, 574 S.E.2d at 288 (quoting Harrell, 11 Va. App. at 8, 396 S.E.2d at 683). Here, rather than leaving the group or attempting to stop the other young men's actions, appellant assisted the mob in its assault on the victim by converging with the group on the victim after the first blow was landed and by preventing the victim's escape. This evidence clearly proved that appellant agreed with the group's "common purpose and intention of committing an assault and battery," Harrell, 11 Va. App. at 7, 396 S.E.2d at 683, a purpose illustrated by the actual attack on the victim.

Accordingly, the evidence was sufficient to prove appellant's guilt beyond a reasonable doubt of misdemeanor assault while part of a mob under Code § 18.2-42.

III.  CONCLUSION

For the foregoing reasons, we reverse appellant's conviction for robbery as a principal in the second degree and dismiss that charge, and we affirm his conviction for misdemeanor assault while part of a mob.

<u>Affirmed, in part,<br> and reversed and<br> dismissed, in part.</u>