COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued by teleconference


JEFFERY ANTWAN REID

MEMORANDUM OPINION[*] BY
v.       Record No. 2020-09-1            JUDGE RANDOLPH A. BEALES
AUGUST 17, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

James S. Ellenson for appellant.

Joshua M. Didlake, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court convicted Jeffery Antwan Reid (appellant) of attempted malicious

wounding, in violation of Code §§ 18.2-26 and 18.2-51, and use of a firearm in the commission

of a felony, in violation of Code § 18.2-53.1.  On appeal, appellant challenges the sufficiency of

the evidence supporting these convictions.  He contends that he did not act with the specific

intent to maim, disfigure, disable, or kill the victim.[1]  Disagreeing with appellant's argument, we

affirm both convictions for the following reasons.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The parties agree that the sufficiency of the evidence supporting appellant's conviction
for use of a firearm in the commission of a felony is dependent on whether the evidence was
sufficient to convict appellant of attempted malicious wounding.

## I. BACKGROUND

On April 23, 2008, appellant's friend, K.H.,[2] drove to the Norfolk neighborhood where appellant's cousin lived so that appellant could retrieve some mail. The victim[3] lived in this same neighborhood. The victim knew appellant and K.H., so he approached K.H.'s car when it parked on the street. As the men were talking, appellant asked the victim if he had change for a $100 bill. The victim responded that he would have to check inside his apartment.

The victim went into his apartment and up the stairs, found six $20 bills (one more than necessary) to make change for appellant, and returned to the downstairs. Appellant was waiting in the victim's living room. Appellant then pointed a gun at him and demanded the money. When the victim told appellant to "[s]top playing," appellant ordered him to "[g]ive it up." Appellant grabbed for the money – and the victim, who was weaponless, tried to grab the gun. Appellant maintained control of the gun, which the victim never actually touched, firing one shot as the men struggled.

The victim, who was not struck by the gunshot, threw his money on the ground for appellant to take it. Appellant responded, "I'm going to kill you," making the threat at least twice. Appellant then added, "I ain't leaving until you give me your gun," and again said that he was going to kill the victim. The victim told him that his gun was in a bedroom. Appellant retrieved the victim's gun, and – now in possession of both guns – he shoved the victim into the bedroom and left the apartment.

K.H. heard the gunshot and then saw appellant running to the car. Appellant told K.H. to drive away from the neighborhood, explaining that he had "just got" the victim – which K.H.

---

[2] We use initials here in an attempt to better protect the privacy of the witness.

[3] We refer to the victim as "the victim" instead of by name in an attempt to better protect his privacy.

understood to mean that appellant had just robbed him. Appellant told K.H. that he and the victim had gotten into a "tussle," and K.H. observed that appellant carried both his own gun and a second gun.[4]

At trial, the victim identified appellant as the perpetrator. Testifying in his own defense, appellant acknowledged briefly speaking to the victim on April 23, 2008, but denied carrying a gun on that date, denied pointing a gun at the victim, and denied taking the victim's gun. At the conclusion of all the evidence, the trial court found that the Commonwealth's witnesses were more credible than appellant's testimony and convicted appellant of both attempted malicious wounding and use of a firearm in the commission of a felony.[5]

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See

---

[4] K.H. and appellant then drove to Northern Virginia. The following day, after learning that he was wanted by the police, K.H. drove back to Norfolk with appellant. According to K.H., appellant wanted "to set up a story to give to the [police] about what had happened." K.H. pretended to agree with appellant. However, K.H. instead told the authorities that appellant was the perpetrator. Appellant told the police that he had merely spoken to the victim, denying any incident occurred that involved firearms.

[5] In a separate proceeding, appellant was convicted of robbery and use of a firearm in the commission of that felony. Those convictions are not before this Court in this appeal.

also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

To convict a defendant of attempted malicious wounding under Code § 18.2-51, the evidence must prove beyond a reasonable doubt that the defendant had "the specific intent to maim, disfigure, disable or kill" the victim and that the defendant made "an ineffectual act done towards the crime's completion." Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998) (citing Merritt v. Commonwealth, 164 Va. 653, 657, 180 S.E. 395, 397 (1935); Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991)); see Holley v. Commonwealth, 44 Va. App. 228, 233-34, 604 S.E.2d 127, 130 (2004).

Appellant argues that the evidence at trial was insufficient to prove beyond a reasonable doubt that he had the specific intent to maim, disfigure, disable or kill the victim when the gunshot was fired. Appellant suggests that his gun fired accidentally during the struggle with the victim, or, alternatively, that he fired the gun merely to scare the victim into surrendering the money. Based on the record here, however, the trial court's finding that appellant acted with the requisite specific intent to sustain a conviction for attempted malicious wounding was not "'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680).

Virginia's appellate courts have stated that

> "[i]ntent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be proved by a person's conduct or by his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969); see Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "A person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles, 218 Va.

at 551, 238 S.E.2d at 810. "Whether the required intent exists is generally a question for the trier of fact." Id.

Holley, 44 Va. App. at 234, 604 S.E.2d at 130 (quoting Haywood v. Commonwealth, 20 Va. App. 562, 565-66, 458 S.E.2d 606, 607-08 (1995)).

Viewing the evidence at trial in the light most favorable to the Commonwealth, as we must since it was the prevailing party below, see Riner, 268 Va. at 330, 601 S.E.2d at 574, appellant entered the victim's apartment and attempted to take $120 from the victim by intimidating him at gunpoint. Appellant and the victim then engaged in a physical struggle. The victim's testimony established that appellant maintained complete control of the gun during the entire struggle – including the point when the gunshot occurred. Appellant's exclusive possession of his gun during the entire time that this whole incident was occurring supports a finding that the gunshot was deliberate, not accidental. See Compton v. Commonwealth, 219 Va. 716, 730, 250 S.E.2d 749, 758 (1979) (holding that "there [was] evidence from which the jury could have found that the defendant's use of the shotgun was deliberate" and distinguishing Lawhorne v. Commonwealth, 213 Va. 608, 194 S.E.2d 747 (1973), where "there was no evidence that the use of a pistol was deliberate and not accidental"). Although appellant claimed he had no intention to fire the gun, the trial court was "entitled to disbelieve the self-serving testimony" of appellant and, furthermore, to infer that appellant was "lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

In addition, the trial court could reasonably infer appellant's criminal intent from the deliberate discharge of his weapon. As the Supreme Court has held, malice may be inferred "from the deliberate use of a deadly weapon." Perricllia v. Commonwealth, 229 Va. 85, 91, 326 S.E.2d 679, 683 (1985); cf. Johnson v. Commonwealth, 53 Va. App. 79, 99 n.3, 669 S.E.2d 368, 378 n.3 (2008) (noting that, although the question of whether a defendant acted with the specific intent to maim, disfigure, disable, or kill the victim is "a different question from whether the defendant

acted with malice" when considering the evidence supporting a malicious wounding conviction, the two concepts "are closely related and cases often speak of them together"). The trial court was entitled to infer that appellant "intend[ed] the natural and probable consequences" of pointing a gun at someone during a robbery – that the circumstances might result in the gun firing. Velasquez v. Commonwealth, 276 Va. 326, 330, 661 S.E.2d 454, 456 (2008). It is the "responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. A rational factfinder certainly could infer from these circumstances that the gunshot was not unintended – but was instead fired by appellant with the specific intent to maim, disfigure, disable, or kill the victim.

Moreover, not only did appellant bring a gun into the victim's home, point the weapon directly at the victim, and exercise exclusive control over the gun as it was fired, but appellant also *specifically told the victim*, "I'm going to kill you." According to the victim's testimony, appellant declared this intent to kill him *several* times – both immediately after the gunshot and when appellant demanded that the victim hand over his own firearm. After retrieving the victim's gun from a bedroom, appellant, now possessing two firearms and the victim's money, shoved the unarmed victim into a bedroom and fled. Although appellant claims that he merely intended to scare the victim, the factfinder was certainly permitted to reject this claim – or to infer that appellant intended to scare *and* to harm appellant. See Moody, 28 Va. App. at 708, 508 S.E.2d at 357 (noting that, although Moody intended to flee, "the evidence sufficiently prove[d] his *further intent* to run down" the victim (emphasis added)). Thus, the evidence of appellant's "conduct and his statements" at the victim's apartment support the trial court's finding that appellant acted with the specific intent to maim, disfigure, disable, or kill the victim. Nobles, 218 Va. at 551, 238 S.E.2d at 810; see Compton, 219 Va. at 730, 250 S.E.2d at 758

(holding that the "actions and statements of the defendant immediately following the homicide" were consistent with the jury's finding that the shooting was intentional).

Further circumstances from the totality of the evidence at trial supported the trial court's finding that appellant acted with the specific intent required to sustain a conviction for attempted malicious wounding. See Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356 (2007) (stating that this Court "reviews the totality of the evidence to determine whether it was sufficient to prove" the charged offense). After appellant left the victim's apartment, he ran back to the parked vehicle, acknowledged getting into a "tussle" with the victim, and indicated that he had robbed the victim. K.H. observed that appellant carried two guns – further supporting the victim's claim that appellant had robbed him at gunpoint and left with the victim's own weapon. Showing no remorse for robbing and firing a gun at the victim, appellant instead discussed fabricating a story to tell the police. Appellant's dishonesty was further "'affirmative evidence of guilt.'" Haskins v. Commonwealth, 44 Va. App. 1, 11 n.3, 602 S.E.2d 402, 407 n.3 (2004) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000)).

After carefully considering all of this evidence, the trial court found that appellant acted with the specific intent to maim, disfigure, disable, or kill the victim. Under settled principles of appellate review, we must defer to the factfinder's responsibility "'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Abdullah v. Commonwealth, 53 Va. App. 750, 755, 675 S.E.2d 215, 218 (2009) (quoting Jackson, 443 U.S. at 319). Based on the record before us, we conclude that a rational factfinder, such as the trial court here, certainly could have found that appellant acted with the specific intent required under Code § 18.2-51 to convict him of attempted malicious wounding. See Crowder, 41 Va. App. at 663, 588 S.E.2d at 387.

### III. CONCLUSION

The trial court's finding that appellant acted with the specific intent to maim, disfigure, disable, or kill the victim was not plainly wrong or unsupported by the evidence. Therefore, a rational factfinder could certainly conclude that the evidence was sufficient to prove beyond a reasonable doubt that appellant committed attempted malicious wounding. Consequently, the evidence was also sufficient beyond a reasonable doubt to convict appellant for the use of a firearm in the commission of a felony. Accordingly, we affirm both of these convictions.

<u>Affirmed.</u>