UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, Malveaux and Senior Judge Frank
Argued at Norfolk, Virginia

COREY NISHAWN DAGNER

MEMORANDUM OPINION[*] BY
v.      Record No. 1228-15-1      JUDGE ROBERT P. FRANK
OCTOBER 25, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

Allyson Denise Lee for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Corey Nishawn Dagner, appellant, was convicted in a bench trial of possession of a firearm

after having been convicted of a non-violent felony in violation of Code § 18.2-308.2. On appeal,

he challenges the sufficiency of the evidence, contending there was insufficient evidence to prove

he had knowledge that the firearm was present or that he intended to exercise dominion and control

over the firearm. For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

"When considering a challenge to the sufficiency of the evidence on appeal, we review the

evidence in the light most favorable to the prevailing party at trial and consider all inferences fairly

deducible from that evidence." Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414

(2008).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant was a back seat passenger in a small vehicle Officer Chris Szymanski stopped for a traffic violation.[1] Two others were seated in the back with appellant, including the registered owner of the vehicle. Additionally, Kaye Corbin was driving the car and Warren Reaves was in the front passenger seat. Appellant sat directly behind Reaves.

While speaking to Corbin, the officer noticed appellant was "moving his feet around and he was looking at the floorboard," prompting the officer to direct appellant to stop moving, which he did. The officer then directed Corbin to step out of the car. At that point, the officer noticed an open can of beer in the center console, between the driver and Reaves. Reaves agreed to step out of the car and consented to a pat-down search. The officer recovered what he thought to be cocaine and arrested Reaves for possession of the substance. Officer Szymanski also recovered additional drugs from Reaves' person.

Officer Szymanski asked appellant and the other back seat passengers to exit the vehicle. As appellant got out, the officer noticed an open beer bottle "on the floorboard where [appellant] was sitting." The bottle was "where [appellant's] feet would have been" behind Reaves' seat. While looking under the front passenger seat, Officer Szymanski saw "the butt of a gun."[2] The officer recovered the gun from beneath the seat and identified the weapon at trial.

Officer Szymanski explained the weapon's handle was "facing towards" appellant and that the barrel of the gun faced the front of the vehicle. While he admitted he "couldn't say" whether the gun was visible from where appellant was sitting, he did testify the handle was "closer" to appellant than it was to the front passenger seat. The officer testified the weapon was not "entirely underneath the seat. It was like near the end of the back part of the seat." He further indicated the weapon was found further to the right of the vehicle than the side where the other passengers were

---

[1] The legality of the stop is not challenged.

[2] The gun was about six inches in length and four inches tall.

located. Officer Szymanski immediately saw the gun as he leaned into the car and "glanced over." Upon discovering the weapon, the officer arrested appellant.

Appellant denied the gun was his and claimed Reaves "had the gun." Appellant admitted "he heard it drop" but he denied having touched the weapon.

Officer Szymanski admitted that Reaves could have shoved the gun under the seat, but said that he did not believe Reaves had done so because "[t]hrough my experience, anybody who handles guns knows not to touch it by the barrel. They would always touch [guns] by the handle."[3] He also stated that while the other two back seat passengers could have placed the gun under the seat where it was found, that would have been "difficult because the backseat . . . [was] cramped." Appellant did not object to the officer's testimony eliminating the possibility other passengers might have tossed the weapon.

In finding appellant guilty of the offense, the trial court concluded that "even if [the Commonwealth] didn't prove he put [the gun] there, that he knew it was there and it was within his reach."[4] This appeal followed.

## ANALYSIS

On appeal, appellant contends there was insufficient evidence to prove he had knowledge of the presence and character of the firearm or that he exercised dominion and control over the firearm.

When the sufficiency of the evidence to support a conviction is challenged on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in

---

[3] The firearm was not tested for fingerprints.

[4] It should be noted that the trial court made no finding that appellant had not placed the weapon under the seat. The court was simply responding to appellant's argument that he did not place the gun under the seat.

- 3 -

the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).

We may not "substitute our judgment for that of the trier of fact," Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (quoting Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998)), nor may we "reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because we have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). We must defer, instead, to the fact finder's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Abdullah v. Commonwealth, 53 Va. App. 750, 755, 675 S.E.2d 215, 218 (2009) (quoting Jackson, 443 U.S. at 319).

"The Commonwealth may prove possession of a [firearm] by showing either actual or constructive possession."[5] Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998). "Under a theory of constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [firearm] and that it was subject to his dominion and control.'" Byers v. Commonwealth, 37 Va. App. 174, 180, 554 S.E.2d 714, 716 (2001) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

---

[5] "The principles that govern constructive possession of illegal drugs also apply to constructive possession of a firearm." Grier v. Commonwealth, 35 Va. App. 560, 570, 546 S.E.2d 743, 747 (2001).

- 4 -

However, "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the [firearm] . . . ." Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (*en banc*). "Further, possession of [a firearm], whether actual or constructive, need not be exclusive, but may instead be joint." Kelly, 41 Va. App. at 261, 584 S.E.2d at 449. Moreover, "[a]lthough mere proximity to the contraband is insufficient to establish possession, it is a factor that may be considered in determining whether a defendant possessed the contraband. Ownership or occupancy of the premises on which the contraband was found is likewise a circumstance probative of possession." Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (citation omitted).

Here, appellant told Officer Szymanski the gun belonged to Reaves and that he heard the weapon drop. Appellant's statement that Reaves possessed the weapon indicated he was aware of the presence and character of the object.

Appellant next contends the evidence is insufficient to prove he exercised dominion and control over the firearm. He hypothesizes that any of the other rear seat passengers or Reaves, the front seat passenger, might have put the firearm under the seat.

Officer Szymanski testified the handle of the firearm was facing toward appellant with the barrel pointing toward the front of the vehicle. The officer further noted, without objection, that "anybody who handles guns knows not to touch [them] by the barrel." From this evidence, the fact finder reasonably could conclude, based upon the position of the weapon beneath the seat, that Reaves did not place the firearm under the seat and that instead, appellant placed it there, thus exercising dominion and control over the weapon.

"Whether the hypothesis of innocence is reasonable is itself a 'question of fact,' subject to deferential appellate review." Cooper v. Commonwealth, 54 Va. App. 558, 573, 680 S.E.2d 361, 368 (2009) (quoting Clanton, 53 Va. App. at 572-73, 673 S.E.2d at 910). "In practical terms, this

- 5 -

means that — even if not '*inherently* incredible' — a defendant's exculpatory version of events need not be accepted by the factfinder." Tizon v. Commonwealth, 60 Va. App. 1, 12-13, 723 S.E.2d 260, 265 (2012) (quoting Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980)).

Appellant relies on Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995), where the defendant was one of three back seat passengers. The firearm was found on the floorboard under the driver's seat. The defendant sat behind the driver. Proximity was the only evidence of possession. Id. at 472, 465 S.E.2d at 141. Appellant erroneously applies the facts of Hancock to the facts of the current case. Here, there was substantially more evidence than mere proximity. The evidence revealed that appellant knew the nature and character of the firearm. He said he did. Evidence further indicates that he placed the weapon under the seat.

Crisman v. Commonwealth, 197 Va. 17, 20-21, 87 S.E.2d 796, 798-99 (1955), cited by appellant, provides nothing to support his position. There, three people were in the front seat of the vehicle and two defendants were seated in the back seat. Police found a small quantity of white powder (heroin) on the floor in front of the rear seat. One of the front seat passengers testified he had cleaned the inside of the car earlier that day and had seen no powder in the rear of the car. He further stated no one else, except the two defendants, had been in the back seat since the cleaning. The Supreme Court reversed the conviction for possession of the heroin, finding any one of the five men in the vehicle could have dropped the heroin on the floor. There was no evidence who placed the powder on the floor. Id. In this case, unlike in Crisman, the evidence excludes the other two back seat passengers because of appellant's statement that Reaves had the firearm. Because of the position and placement of the firearm, Reaves was excluded as the one who put the firearm under the seat.

Appellant places great emphasis on the lack of evidence as to how long he had been in the vehicle or how long the weapon was in the vehicle. He further maintains there is no evidence he knew of the weapon or exercised dominion and control over the weapon prior to the traffic stop. However, he cites no cases to support his premise that knowledge and dominion and control have a temporal requirement, nor do we find any. Whether appellant had knowledge and exercised dominion and control of the gun before or after the stop is completely irrelevant. The only requirement is that, at some moment in time, appellant was aware of the presence and character of the firearm and it was subject to his dominion and control. "The duration of the possession is immaterial and need not always be shown to have been actual possession." Hamilton v. Commonwealth, 16 Va. App. 751, 753, 433 S.E.2d 27, 28 (1993) (quoting Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974)). The amount of time appellant knowingly exercised dominion and control of the firearm is immaterial. The Commonwealth proved the elements of possession of a firearm by a convicted felon.

CONCLUSION

Accordingly, we affirm the judgment of the trial court.

Affirmed.